102 P.3d 1104 (2004)
149 Idaho 785
Marjorie STANLEY, Plaintiff-Appellant,
v.
LENNOX INDUSTRIES, INC., Defendant-Respondent, and
Maple Chase Company and Does 1 through 5, Defendants.
No. 29809.
Supreme Court of Idaho, Lewiston, October 2004 Term.
November 5, 2004.
Rehearing Denied December 28, 2004.
*1105 Ramsden & Lyons, Coeur d'Alene, for appellant. Marc A. Lyons argued.
Brassey, Wetherell, Crawford & McCurdy, Boise, for respondent. Robert T. Wetherell argued.
EISMANN, Justice.
This is an appeal from the grant of summary judgment dismissing a products liability action and the award of court costs and attorney fees under Idaho Code § 12-121 and Rule 11 of the Idaho Rules of Civil Procedure. We hold that the district court erred in granting summary judgment. We reverse the order granting summary judgment, vacate the judgment in favor of the respondent, and remand this case for further proceedings.

I. FACTS AND PROCEDURAL HISTORY
In 1996, the plaintiff-appellant Marjorie Stanley (Stanley) had a new home built in Bonner County, Idaho. A furnace manufactured by the defendant-respondent Lennox Industries, Inc., (Lennox) and a thermostat manufactured by the defendant Maple Chase Company (Maple Chase) were installed in the home. In the summer of 1998, Stanley left for a two-week trip and set the thermostat in her home to turn on the furnace if the temperature dropped below 62 degrees. When she returned, she discovered that the furnace was running and that the interior of her house was extremely hot. The excessive *1106 heat allegedly caused substantial damage to her home and its contents.
On July 26, 2000, Stanley filed this action seeking to recover damages. She alleged that her damages were caused by the failure of the Lennox furnace controller and/or the Maple Chase thermostat. On January 20, 2003, Lennox moved for summary judgment, and Maple Chase joined in that motion on February 13, 2003. In their motions for summary judgment, they did not contest Stanley's claim that her damages were caused by the gas furnace elevating the temperature in her home. They contended that she could not prove whether it was the Maple Chase thermostat or the Lennox furnace controller that caused the gas furnace to malfunction. In response, Stanley submitted the affidavit of her electrical engineer. He had previously testified during his deposition that in his opinion Stanley's damages were caused by a malfunction of the Maple Chase thermostat. In his affidavit, he stated that his prior opinion had been based upon erroneous information and that, when considering the correct information, in his opinion a malfunction in the Lennox furnace controller caused Stanley's damages.
The district court heard the motions for summary judgment, and on March 10, 2003, it entered an order granting both motions. The district court concluded that the evidence showed that either the thermostat or the furnace controller could have been the cause of the damage, but it did not show which one was responsible. To select one as the cause would be merely conjecture. On March 25, 2003, the district court entered a judgment dismissing the complaint as to Lennox, and on April 8, 2003, it entered a judgment dismissing the complaint as to Maple Chase.
On April 8, 2003, Stanley filed a motion for reconsideration, and on May 29, 2003, the district court denied the motion. On the same date, the district court entered another judgment, again dismissing the complaint.
On June 12, 2003, Lennox filed a motion seeking an award of attorney fees pursuant to Rule 11 of the Idaho Rules of Civil Procedure and a memorandum of costs. Fourteen days later, Stanley filed an objection to the requested award of attorney fees and to the memorandum of costs. On July 7, 2003, Stanley filed a notice of appeal from the judgment in favor of Lennox and the order denying her motion for reconsideration. On July 30, 2003, the district court issued its order awarding Lennox costs in the sum of $424.20 and attorney fees under Idaho Code § 12-121 in the sum of $27,894.50. The court also ruled that if Stanley did not pay the attorney fee award, then attorney fees in that amount were awarded against her counsel under Rule 11. On October 21, 2003, the court entered a judgment for the court costs and attorney fees, from which Stanley timely appealed.

II. ANALYSIS
Stanley contends that the district court erred in granting Lennox's motion for summary judgment. In an appeal from an order of summary judgment, this Court's standard of review is the same as the standard used by the trial court in ruling on a motion for summary judgment. Infanger v. City of Salmon, 137 Idaho 45, 44 P.3d 1100 (2002). All disputed facts are to be construed liberally in favor of the non-moving party, and all reasonable inferences that can be drawn from the record are to be drawn in favor of the non-moving party. Id. Summary judgment is appropriate if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Id. If the evidence reveals no disputed issues of material fact, then only a question of law remains, over which this Court exercises free review. Id.
In response to Lennox's motion for summary judgment, Stanley submitted the affidavit of her electrical engineer. The issue is whether the engineer's affidavit established a prima facie case that the Lennox furnace controller caused the furnace malfunction. He had previously testified in his deposition that in his opinion Stanley's damages had been caused by a malfunction in the Maple Chase thermostat. In his affidavit, he stated that his prior opinion had been based *1107 upon erroneous information and that he was now of the opinion that the furnace controller had malfunctioned.
When Stanley had returned home and discovered the problem, she noticed that the thermostat display read, "ERR 35." In his affidavit, the electrical engineer stated that the initial information he received about Maple Chase thermostats was that such display meant the thermostat read the temperature as being below 35 F. At any temperature below 40 F, it would signal the furnace for more heat. Thus, based upon this understanding of the meaning of the "ERR 35" readout, he initially concluded that the thermostat had malfunctioned, was erroneously reading the temperature as being below 35 F, and kept signaling the furnace controller for more heat. He stated he has since learned that his information regarding the meaning of the "ERR 35" display was incorrect. The "35" meant that the temperature was 35 Celsius (95 F.), and the "ERR" meant that the thermostat was calling for the furnace controller to shut off. In his affidavit, the engineer also stated that in October and November 1998, the engineering laboratory of the company for which he worked had tested the thermostat by cycling it about 8,000 times over a two week period and that no malfunctions were observed. The electrical engineer concluded his affidavit with the following opinion:
14. Based on this information I have recently received, my opinions regarding the failure in this case have changed. Based on my engineering investigation and analysis, to a reasonable degree of engineering and scientific certainty, I conclude the following:
1) The heating system consisting of the Maple Chase thermostat and the Lennox furnace malfunctioned, ran continuously, and overheated the Stanley residence;
2) The only possible causes for the heat damage to the Stanley residence are a malfunction of the Lennox controller or a malfunction of the Maple Chase thermostat or a combination thereof;
3) The Stanley residence was damaged by excessive heat generated by the heating system; and
4) The Lennox furnace controller malfunctioned and continuously called for heat from the furnace resulting in the damage to the Stanley residence.
The engineer also stated that it would be difficult to test the furnace controller without the testing apparatus that Lennox has, but Lennox had refused his request to test it.
The district court held that because the furnace controller had not been tested, there was no evidence it malfunctioned. Absent such evidence identifying a particular defect, Lennox was entitled to summary judgment. Although the engineer did not identify any particular defect in the furnace controller, it was not essential that he do so. As we stated in Farmer v. International Harvester Co., 97 Idaho 742, 747, 553 P.2d 1306, 1311 (1976) (citations omitted):
While direct evidence of identifiable defect is the strongest evidence of a product's defective condition, such evidence of a defect in a product which was present when it left the manufacturer's control will be rare and unusual. Ordinarily, a plaintiff will have to rely upon circumstantial evidence and the inferences arising therefrom based on expert opinion testimony on the condition of the product after the accident. The better reasoned cases do not require and we hold that a plaintiff need not prove a specific defect to carry his burden of proof.
A prima facie case may be proved by direct or circumstantial evidence of a malfunction of the product and the absence of evidence of abnormal use and the absence of evidence of reasonable secondary causes which would eliminate liability of the defendant.
Reasonable inferences are permissible in determining whether a product was defective. Here, the engineer's affidavit presented evidence that the controller and/or the thermostat were the only two possible causes of the furnace malfunction; that the thermostat had been tested and operated properly; and that the "ERR 35" reading on the thermostat when Stanley returned home indicated that it was calling for the furnace controller to shut off because the temperature was too high. *1108 The engineer could reasonably infer that a defect in the furnace controller was the cause of the damages. The weight to be given his opinion is for the trier of fact.
The district court also stated that it discounted the engineer's opinions in his affidavit because they contradicted his prior opinion. It is not proper for the trial judge to assess the credibility of an affiant at the summary judgment stage when credibility can be tested in court before the trier of fact. Baxter v. Craney, 135 Idaho 166, 16 P.3d 263 (2000). The engineer gave a plausible explanation for his change of opinion.
Lennox argues that circumstantial evidence of a malfunction in the furnace controller should not be sufficient to oppose summary judgment in this case because the controller is available for testing and has not been tested by Stanley's expert. Lennox contends that circumstantial evidence of a malfunction should be considered only in cases where the allegedly defective product has been destroyed and cannot be tested.
Stanley's expert stated in his affidavit, "Because of the difficulty in simulating the flame system in order to cycle the furnace controller quickly, I requested that Lennox test the furnace controller since Lennox has a testing apparatus to rapidly cycle the furnace controller through the thousands of cycles that would be necessary to do an adequate test." He also stated that Lennox initially indicated it would consider doing so, but later refused. Lennox has not attempted, pursuant to Rule 34(a) of the Idaho Rules of Civil Procedure, to inspect or test the controller. Under these circumstances, we decline to adopt the rule urged by Lennox.
The district court erred in granting summary judgment in favor of Lennox. We therefore reverse the district court's grant of summary judgment to Lennox and vacate the judgments dismissing the complaint as to Lennox and awarding it court costs and attorney fees.
Lennox seeks an award of attorney fees on appeal pursuant to Idaho Code § 12-121. Because it has not prevailed on the appeal, it cannot recover attorney fees under that statute. King v. King, 137 Idaho 438, 50 P.3d 453 (2002).

III. CONCLUSION
The order granting summary judgment to Lennox is reversed and the judgments in favor of Lennox are vacated. This case is remanded for further proceedings consistent with this opinion. Costs on appeal are awarded to the appellant.
Chief Justice SCHROEDER, and Justices TROUT, KIDWELL and BURDICK concur.