# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 36853

VERNON L. KENNEDY and DOROTHY
KENNEDY, husband and wife,

      Plaintiffs-Respondents,

    v.

SAMUEL E. SCHNEIDER, JR. and LAURIE
SCHNEIDER, if married, as it relates to that
real property described as parcel 3,

      Defendants-Appellants,

    and

FRED J. STUART and JANE DOE STUART,
as it relates to the real property herein
described as parcel 1; the heirs, devisees,
assigns or statutory trustees of STEEN
MEAT CO. LTD, a forfeited corporation, as
to parcel 2 hereinafter described; together
with the spouses of the above-named persons
if they be known or unknown; the unknown
heirs, devisees, or legatees of any of the
foregoing persons; the successors in interest
be they known or unknown; the unknown
heirs, claimants, creditors, or parties who
might claim an interest in or to the following
three (3) parcels of property described in
Idaho County, State of Idaho, to wit: SEE
FILE FOR DESCRIPTION,

      Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Moscow, November 2010 Term

2011 Opinion No. 28

Filed: March 17, 2011

Stephen Kenyon, Clerk

Appeal from the District Court of the Second Judicial District of the State of
Idaho, Idaho County. Hon. John H. Bradbury, District Judge.

The district court's decree quieting title and judgment awarding attorney fees
are <u>vacated</u> and the case is <u>remanded</u> for a determination of costs.

Clark and Feeney, Lewiston, for appellants. Jonathan D. Hally argued.

1

Dennis L. Albers, Grangeville, for respondents.

HORTON, Justice

This is an appeal by Samuel Jr. and Laurie Schneider (Schneiders)[1] from the district court's decree quieting title to real property located near Stites, Idaho in favor of Vernon and Dorothy Kennedy (Kennedys) as adverse possessors. The Schneiders also appeal the district court's award of attorney fees to the Kennedys. The Kennedys seek an award of attorney fees incurred on appeal. As we find that there was not substantial, competent evidence to support the district court's findings, we vacate the district court's decree and its judgment awarding attorney fees to the Kennedys and deny the Kennedys' request for attorney fees on appeal.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This action relates to property located west of the South Fork of the Clearwater River, approximately a mile and one-half downriver from the village of Stites. In 1924, Vernon Kennedy's great-uncle, William Massey, purchased property from Allen and Bertha Manes. Over the years, the land that William Massey purchased was transferred to members of his family, and it ultimately came to belong to the Kennedys. A drawing of the parcel attached to the 1924 Manes-Massey deed led to an erroneous belief in the Kennedy family as to extent of the land that they owned. When the Kennedys decided to place their property up for sale, they became aware that three parcels of the property that they believed had been owned by their family for generations were the subject of deeds in favor of other parties.

On July 11, 2007, the Kennedys initiated this quiet title action, asserting ownership of the three parcels of land as adverse possessors under a written claim of title. Default judgment in favor of the Kennedys was entered against the titleholders of record as to two of the parcels. The Schneiders answered and defended the Kennedys' claim as to the third parcel.

Following a one-day court trial, on June 23, 2009, the district court issued a memorandum decision finding that the Kennedys had proved the elements of their claim of adverse possession under a written claim of title by clear and satisfactory evidence. The court

---

[1] The Kennedys filed suit against Samuel Schneider, Jr. and Jane Doe Schneider. The Schneider answer also referred to Samuel Schneider, Jr. and Jane Doe Schneider. Laurie Schneider's name did not appear in the pleadings until the Schneiders filed their notice of appeal. Thus, the district court decisions reference only Samuel Schneider, Jr.

found that Vernon Kennedy had possessed the property since 1988, that there was a written instrument "sufficient to create color of title" in favor of the Kennedys, that the property had been exclusively used by the Kennedys and their predecessors, that the possession had been continuous, and, most significantly to this appeal, that both the Kennedys and the Schneiders had paid taxes on the property. The district court then applied the rule announced by this Court in *Trappett v. Davis*, 102 Idaho 527, 534, 633 P.2d 592, 599 (1981), that "when both the record owner and the adverse occupant pay taxes on the disputed property during the adverse possession period, the adverse possessor prevails." Thereafter, on July 15, 2009, the district court entered a decree quieting title in the disputed property in favor of the Kennedys.

On August 6, 2009, the district court received oral argument on the Kennedys' request for an award of attorney fees and indicated its intention to award attorney fees to them. On August 28, 2009, the district court issued a memorandum opinion in which it concluded that the Schneiders had frivolously defended the action, thus warranting an award of attorney fees to the Kennedys pursuant to I.C. § 12-121. The district court awarded the Kennedys $6,137.50 in attorney fees.[2] The Schneiders timely appealed from the decree quieting title and the order awarding attorney fees to the Kennedys.

## II. STANDARD OF REVIEW

Our standard of review is well-established. Findings of fact will not be set aside on appeal unless they are clearly erroneous. *Chen v. Conway*, 121 Idaho 1000, 1004, 829 P.2d 1349, 1353 (1992) (citing I.R.C.P. 52(a)). Where findings of fact are supported by substantial and competent, though conflicting, evidence, they are not clearly erroneous and thus will not be disturbed by this Court. *Hodgins v. Sales*, 139 Idaho 225, 229, 76 P.3d 969, 973 (2003). This Court exercises free review over the district court's conclusions of law to determine whether the court correctly stated the applicable law and whether the legal conclusions are sustained by the facts found. *Conley v. Whittlesey*, 133 Idaho 265, 269, 985 P.2d 1127, 1131 (1999).

## III. ANALYSIS

The Schneiders present a narrow challenge to the district court's determination that the Kennedys established their claim of adverse possession. The Schneiders assert that the district court's finding that the Kennedys paid taxes on the disputed property is clearly erroneous.

---

[2] The district court's order awarding attorney fees was entered on August 6, 2009, in advance of the memorandum opinion.

Consequently, they argue, the district court erred in its conclusion that the Kennedys proved the elements of adverse possession. Working from these premises, they assert that the district court abused its discretion by awarding attorney fees to the Kennedys.

**A. The district court's finding that the Kennedys paid taxes on the disputed parcel is clearly erroneous, as it failed to acknowledge that tax parcels in Idaho County are based upon metes and bounds descriptions.**

Idaho Code § 5-207 provides as follows:

> When it appears that the occupant, or those under whom he claims, entered into the possession of the property under claim of title, exclusive of other right, founding such claim upon a written instrument, as being a conveyance of the property in question, or upon the decree or judgment of a competent court, and that there has been a continued occupation and possession of the property included in such instrument, decree or judgment, or of some part of the property under such claim, for twenty (20) years, the property so included is deemed to have been held adversely except that when it consists of a tract divided into lots, the possession of one (1) lot is not deemed a possession of any other lot of the same tract.

Idaho Codes § 5-210 further provides:

> [I]n no case shall adverse possession be considered established under the provisions of any sections of this code unless it shall be shown that the land has been occupied and claimed for the period of twenty (20) years continuously, and the party or persons, their predecessors and grantors, have paid all the taxes, state, county or municipal, which have been levied and assessed upon such land according to law.

In *DeChambeau v. Estate of Smith*, 132 Idaho 568, 571, 976 P.2d 922, 925 (1999), this Court identified the well-established elements that a party must establish by clear and satisfactory evidence in order to establish adverse possession upon a written claim of title:

> (1) that they entered into possession, as that term is defined by I.C. § 5-208, of the disputed property; (2) under a claim of title . . . (3) exclusive of other right; (4) that there has been a continuous occupation and possession of the disputed property described [in the written instrument]; (5) that they have so held the property for [the statutory period][3]; and (6) that they have paid all taxes, state, county or municipal, which have been levied and assessed upon such land according to law.

(quoting *Rice v. Hill City Stock Yards Co.,* 121 Idaho 576, 580, 826 P.2d 1288, 1292 (1992)).

---

[3] In 2006, the Legislature extended the required period of possession from five to twenty years. 2006 Idaho Sess. Laws ch. 158, §§ 4, 5, p. 475.

The Schneiders' appeal has focused on the sixth element, specifically, whether there is substantial evidence to support the district court's finding that the Kennedys paid all taxes for the disputed property.

The district court's findings regarding payment of taxes in its memorandum decision are not extensive.

> The Idaho County Recorder included the property in the Schneider's [sic] name and they paid taxes on it. The same property, however, was also included in the property for which the Kennedys paid taxes. . . .
> There is no material question that both the Schneider family and the Kennedys have paid property taxes on the disputed property for the past twenty years.
> Leah Mager is a State Tax Commission certified appraiser who appraises real property in Idaho county [sic] for the Idaho County Assessor. The county inspects and appraises all the property in Idaho County on a rotating schedule every five years. She testified that she is familiar with and has appraised the disputed property and included its assessed value in the Kennedy tax bill.
> Carolyn [sic] Park works in the mapping department for the Idaho County Assessor. She testified that tax payers [sic] pay by the tax number assigned to property by the assessor. She stated that the disputed property was included in both tax numbers. She testified that given the number of acres for which the Kennedys were taxed, that the disputed property had to have been included in their tax parcel. The evidence is clear and convincing that both the Kennedys and the Schneider family have paid taxes on the disputed property for more than twenty years.

In its memorandum decision awarding the Kennedys attorney fees, the district court acknowledged the Schneiders' challenge to the sufficiency of evidence that the Kennedys had paid taxes on the disputed property, noting that Mr. Schneider "argues further that the tax lot exception does not apply because each tax lot number had a metes and bounds description at the assessor's office." The district court then expanded its discussion of the issue, discussing applicable case law, and ultimately concluding that "the uncontested and irrefutable testimony" of Leah Mager and Carolynn Park established "that the value of the disputed property was included in the Kennedy's [sic] tax assessment."

During the relevant time,[4] the Kennedys paid taxes based upon the following parcel description from the Idaho County Assessor:

T32N R4E SEC 20  15.066 AC

---

[4] In 1999, the Kennedys acquired a parcel of land that had previously been a railroad right-of-way. Until that time, they had been assessed taxes based upon ownership of 14.588 acres. The railroad right-of-way is not part of the disputed parcel.

5

TAX #'S 16, 28 & 30 ALONG
WITH A 50' WIDE STRIP
OF RR ROW ALONG W SIDE OF
TAX #28 LESS TAX #'S 113,
220, 236, 268 & 269

The Schneiders paid taxes based upon the following parcel description:

T32N R4E SEC 20  60.03 AC
SE4NE4 & NE4SE4 LESS TAX #'S
16, 17, 18, 20, 21, 80,
81, 85

There is no evidence that suggests that any portion of the disputed parcel falls within tax parcels 16, 28, 30 or the railroad right-of-way. Rather, as evidence that they satisfied the tax payment requirement, the Kennedys point to the fact that they paid taxes for a parcel approximately the same size as they unquestionably own plus the disputed parcel. As will be discussed later, it is "uncontested and irrefutable" that both parties historically paid taxes for more land than they actually owned. The critical questions presented by this appeal relate to the Idaho County Assessor's methodology for identifying the property for which taxes were paid and specifically, whether the Kennedys paid taxes for the disputed parcel.

In *White v. Boydstun*, 91 Idaho 615, 428 P.2d 747 (1967), the Court considered the tax payment requirement. Taxes were paid on "the Fleharty tract," and the pivotal question was whether the taxes assessed for the Fleharty tract were simply for Parcel A, which was unquestionably owned by White, or whether the assessment included the disputed Parcel B. This Court placed particular weight upon the testimony of the county assessor that he had "physically examined tract A and B and assessed the whole to the Flehartys." 91 Idaho at 621, 428 P.2d at 753. This Court observed that "although any assessments made were charged to the Flehartys, it is quite possible that no taxes were assessed on parcel B." *Id*. Under these circumstances, this Court found that substantial evidence supported the trial court's finding that White and his predecessor "paid whatever taxes were assessed and levied on parcel B." *Id*. *White* is significant for the proposition that the adverse possession element requiring payment of taxes may be satisfied when the tax assessment is based upon a physical examination of the parcel, rather than a metes and bounds description.

This Court returned to the tax payment requirement in *Scott v. Gubler*, 95 Idaho 441, 511 P.2d 258 (1973). In *Scott*, this Court considered a claim of adverse possession of a disputed

6

parcel between two government lots (3 and 4) located in Jerome County. We upheld the district court's finding that taxes had been paid on the disputed parcel, noting that

> there is no evidence in the record as to how Lots 3 and 4 were described on the assessment roll of the Jerome County Assessor's Office during the period from 1959 to 1968. Hazel Gubler's 1972 Jerome County taxpayer's statement describes Lot 3 by its government survey designation rather than by metes and bounds. There was no evidence of visual inspection of Lots 3 and 4 by [the] Jerome County Assessor after Scott's fence was installed.

*Id*. at 444, 511 P.2d at 261.

In *Flynn v. Allison*, 97 Idaho 618, 549 P.2d 1065, (1976), the adverse possessor inadvertently encroached upon his neighbor's property because he believed stakes placed by a third party's private survey marked the boundaries of his property. *Id*. at 619, 549 P.2d at 1066. By doing so, he occupied the actual acreage he owned but shifted its boundaries sixty feet to the north. *Id.* The adverse possessor's payment of taxes on his actual acreage, payments which he reasonably believed covered the property he occupied, was sufficient to satisfy the tax payment requirement. 97 Idaho at 621, 549 P.2d at 1068.

In *Trappett v. Davis*, 102 Idaho 527, 633 P.2d 592 (1981) this Court attempted to bring clarity to an area which was, by then, abounding with confusion. We explained:

> In the general case (which is by no means the most typical case), I.C. § 5-210 requires *actual* payment of taxes which are assessed to the disputed property. [Citations omitted.] Of critical importance is the assessor's actual basis for valuation of the property in question, *i.e.*, whether his assessment was based on estimated acreage derived from physical inspection, value based on frontage feet, area calculated from a metes and bounds description, or some other method of valuation. The general tax rule focuses on actual payment as evidenced by the assessor's actual valuation. However, this Court has fashioned several corollaries and exceptions to the general rule which, when applied, have the effect of satisfying the tax requirement (by fiction or otherwise), even though it cannot be determined that the adverse claimant actually paid property tax on the disputed land.
>
> The first and most frequent example is the "lot number" corollary.
>
> > "[I]n the case of boundary disputes between contiguous landowners, where one landowner can establish continuous open, notorious and hostile possession of an adjoining strip of his neighbor's land, and taxes *are assessed by lot number or by government survey designation, rather than by metes and bounds description*, payment of taxes on the lot within which the disputed tract is enclosed satisfies the tax payment requirement of the . . . statute." *Scott v. Gubler*, 95 Idaho 441, 443-44, 511 P.2d 258,

260-61 (1973) (emphasis added, footnote omitted).

> . . . The primary reason behind the lot number corollary is as follows: when taxes are assessed according to some generic description, "it (is) impossible to determine from the tax assessment record the precise quantum of property being assessed. . . ." *Flynn v. Allison*, 97 Idaho at 621, 549 P.2d at 1068. In the instant case, the properties of all parties involved were assessed on the basis of metes and bounds descriptions found in the respective deeds. Hence, Ogborn and the Trappetts cannot take advantage of the lot number corollary.

102 Idaho at 530-31, 633 P.2d at 595-96 (emphasis original).

The district court found that the Kennedys satisfied the tax payment requirement under *White v. Boydstun* because, for the length of the statutory period, the Kennedys were assessed taxes equal to the amount of land they actually occupied. This legal conclusion is inconsistent with our explanation in *Trappett*. Rather, we must carefully examine the testimony upon which the district court based its factual finding that the Kennedys actually paid taxes for the disputed parcel. We first consider the testimony of Leah Mager, the assessor who examined the property and whom the district court found had "appraised the disputed property and included its assessed value in the Kennedy tax bill."

Leah Mager's testimony was not consistent with the district court's characterization. She testified that in her visit to the Kennedy property in 2003, she "assumed [a portion of the disputed property] was Kennedy's" based upon the appearance of the property, explaining that the assumption was based "[j]ust by the way the land is sitting, you come around there, you just assume everything from the green house up is Kennedy's." Although the assessed valuation of the Kennedy property increased, Mager testified the increase was the result of a change in market conditions, rather than based upon an increase in the number of acres owned by the Kennedys. However, Mager also testified that she did not calculate the acreage owned by the Kennedys during her visit to the property. Rather, she explained that the tax assessment was based upon "[t]he land, the legal description. We go by what the legal description says on the file for the land." Based upon this testimony, there is no substantial evidence supporting the district court's conclusion that the Kennedys paid taxes on the disputed property as a result of Mager's visual inspection of the property.

We next consider the district court's finding that Carolynn Park, the mapper from the assessor's office, testified "that the disputed property was included in both tax numbers." A careful review of her testimony clearly demonstrates that both the Schneiders and the Kennedys

8

paid taxes for acreages in excess of that which they actually owned. After this controversy arose, at the request of the parties' attorneys, Ms. Park used a computerized mapping program to ascertain the amount of property actually owned by each of the parties. The Schneiders had been taxed based upon ownership of a parcel 60.03 acres in size. After remapping and recalculating the parcels for which the Schneiders were deeded titleholders, the recalculated acreage was 46.864 acres. In 2006, the Kennedys were assessed taxes based upon ownership of 15.066 acres. Based upon the remapping, that figure was reduced to 13.521 acres.[5]

At one point in her testimony, Carolynn Park testified that it appeared that both parties "perhaps, paid tax on the same piece [of land]." In her later testimony, she clarified, stating "I don't believe I said [Mr. Kennedy] was paying taxes on that area. He was paying taxes on Tax 16 and his other tax numbers." Ms. Park then testified that each tax parcel was identified by a metes and bounds description, and that a tax parcel is "just a shortened legal description for the Assessor's Office." Thus, there was no substantial evidence supporting the district court's finding that each of the parties paid taxes on the disputed parcel. To the contrary, it is evident that, unlike *White v. Boydstun* and *Scott v. Gubler*, the tax parcel exception is inapplicable here as the tax parcels were not "some generic description" but rather were based upon metes and bounds descriptions. In short, although the Kennedys undoubtedly paid taxes for more land than they owned, under the methodology employed by the Idaho County Assessor there is simply no evidence that they paid taxes on the disputed parcel.

Because there is no substantial evidence supporting the district court's finding that the Kennedys paid taxes on the disputed parcel, we reverse the district court's judgment and vacate the decree quieting title in the parcel in favor of the Kennedys.

**B.   Because the Kennedys failed to prove the necessary elements of their claim of adverse possession, the district court's award of attorney fees and costs in their favor must be vacated.**

As we reverse the district court's finding that the Kennedys proved their claim of adverse possession, the district court's award of attorney fees and costs in their favor must be vacated. *Stanley v. Lennox Indus., Inc.*, 140 Idaho 785, 789, 102 P.3d 1104, 1108 (2004). This matter will be remanded to the district court for a determination of the costs to which the Schneiders are

---

[5] The difference in the Kennedy's acreage is largely attributable to the acreage assigned to Tax Parcel 28. It appears that the discrepancy may be attributable to a a 1948 flood which moved the channel of the South Fork of the Clearwater River to the west, reducing the size of the parcel.

entitled as prevailing parties below. *Ray v. Frasure*, 146 Idaho 625, 630, 200 P.3d 1174, 1179 (2009).

**C. Because the Kennedys are not the prevailing parties in this appeal, they are not entitled to an award of attorney fees.**

The Kennedys request an award of attorney fees on appeal pursuant to I.C. § 12-121. As they have not prevailed in this action, they are not entitled to an award of attorney fees. *Kelley v. Yadon*, No. 36705, 2011 WL 310366, at *5 (Feb. 2, 2011).

## IV. CONCLUSION

We reverse the district court's finding that the Kennedys proved their claim of adverse possession. Accordingly, we vacate the decree quieting title in favor of the Kennedys and the district court's award of attorney fees and costs. As the Schneiders were the prevailing party in the litigation below, we remand for the district court to determine the costs to which the Schneiders are entitled. We deny the Kennedys' request for an award of attorney fees on appeal. Costs on appeal to the Schneiders.

Chief Justice EISMANN and Justices BURDICK, J. JONES and W. JONES **CONCUR**.