## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

### Docket No. 51618

| | |
|---|---|
| MIA M. BAUTISTA, fka MIA M. VOWELS, | ) |
| | )   **Filed: June 26, 2024** |
| | ) |
|     Petitioner-Respondent, | )   **Melanie Gagnepain, Clerk** |
| | ) |
| v. | )   **THIS IS AN UNPUBLISHED** |
| | )   **OPINION AND SHALL NOT** |
| NATHAN VOWELS, | )   **BE CITED AS AUTHORITY** |
| | ) |
|     Respondent-Appellant. | ) |
| | ) |

Appeal from the Magistrate Division of the District Court of the Second Judicial District, State of Idaho, Latah County. Hon. Jeff P. Payne, Magistrate.

Judgment regarding modification of child custody, <u>affirmed</u>.

Bevis, Thiry, Henson & Katz, P.A.; Philip M. Bevis, Boise, for appellant.

Cosho Humphrey, LLP; Mackenzie E. Whatcott, Boise, for respondent.

LORELLO, Judge

Nathan Vowels appeals from the judgment regarding modification of child custody. We affirm.

### I.

### FACTUAL AND PROCEDURAL BACKGROUND

In June 2019, Vowels and Mia M. Bautista, fka Mia M. Vowels, divorced pursuant to a stipulated judgment and decree of divorce. The parties have three children: L.V., born in 2008; N.V., born in 2010; and M.V., born in 2010. At the time the divorce decree was entered, Vowels was living in Princeton, Idaho, while Bautista and the three children lived in Moscow, Idaho. Two years after the divorce, Vowels filed a petition seeking to modify the decree's custody schedule and child support provisions. Vowels' petition asserted multiple substantial and material changes had occurred in the parties' circumstances since the divorce decree was entered in June 2019. Bautista denied Vowels' allegations and a trial on his petition was subsequently held. Following

1

the presentation of evidence at trial, Bautista moved for a directed verdict, contending Vowels had failed to establish a substantial and material change in the parties' circumstances warranting a modification of the decree. In response, Vowels moved to amend his pleadings to conform to the evidence presented at trial pursuant to Rule 215 of the Idaho Rules of Family Law Procedure (I.R.F.L.P.).

The magistrate court partially granted and partially denied Bautista's motion. Specifically, the magistrate court determined that Vowels failed to prove a substantial and material change in circumstances with regard to custody. Accordingly, the magistrate court granted Bautista's motion as it pertained to child custody. However, the magistrate court found there was evidence of a substantial and material change in the parties' incomes. Accordingly, the magistrate court denied Bautista's motion as it pertained to child support. After ruling on Bautista's motion, the magistrate court denied Vowels' motion to amend his pleadings. Thereafter, the parties presented evidence relating to the modification of child support. After hearing testimony and reviewing the evidence presented, the magistrate court modified the decree's child support provisions. Vowels moved for permission to pursue an expedited appeal, and the motion was granted. Vowels now appeals.

## II.

## STANDARD OF REVIEW

In a permissive appeal under I.A.R. 12.1, appellate courts review the magistrate court's decision without the benefit of a district court appellate decision. *Lamont v. Lamont*, 158 Idaho 353, 356, 347 P.3d 645, 648 (2015). Decisions regarding child custody are committed to the sound discretion of the magistrate court, and the magistrate court's decision may be overturned on appeal only for an abuse of discretion. *Id.*; *McGriff v. McGriff*, 140 Idaho 642, 645, 99 P.3d 111, 114 (2004); *Moye v. Moye*, 102 Idaho 170, 171, 627 P.2d 799, 800 (1981).

When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *Lunneborg v. My Fun Life*, 163 Idaho 856, 863, 421 P.3d 187, 194 (2018).

Where a trial court sits as a finder of fact without a jury, the court is required to enter findings of fact and conclusions of law. I.R.C.P. 52(a); *Estate of Hull v. Williams*, 126 Idaho 437, 440, 885 P.2d 1153, 1156 (Ct. App. 1994). Our review of the trial court's decision is limited to ascertaining whether substantial, competent evidence supports the findings of fact and whether the trial court correctly applied the law to the facts as found. *Borah v. McCandless*, 147 Idaho 73, 77, 205 P.3d 1209, 1213 (2009); *Cummings v. Cummings*, 115 Idaho 186, 188, 765 P.2d 697, 699 (Ct. App. 1988). Thus, we defer to findings of fact that are not clearly erroneous, but we freely review the trial court's conclusions of law reached by applying the law to the facts found. *Staggie v. Idaho Falls Consol. Hosps.*, 110 Idaho 349, 351, 715 P.2d 1019, 1021 (Ct. App. 1986). Where there is conflicting evidence, it is the trial court's task to evaluate the credibility of witnesses and to weigh the evidence presented. *Desfosses v. Desfosses*, 120 Idaho 354, 357, 815 P.2d 1094, 1097 (Ct. App. 1991). We will not set aside the trial court's factual findings as clearly erroneous if they are supported by substantial and competent, even if conflicting, evidence. *Kennedy v. Schneider*, 151 Idaho 440, 442, 259 P.3d 586, 588 (2011). Evidence is substantial and competent if a reasonable trier of fact would accept that evidence and rely on it to determine whether a disputed point of fact was proven. *Hull v. Giesler*, 156 Idaho 765, 772, 331 P.3d 507, 514 (2014); *Hutchison v. Anderson*, 130 Idaho 936, 940, 950 P.2d 1275, 1279 (Ct. App. 1997).

## III.

## ANALYSIS

Vowels asserts the magistrate court abused its discretion and erred as a matter of law when it partially granted Bautista's motion for a directed verdict. Vowels further contends the magistrate court abused its discretion when it denied his motion to amend his pleadings to conform to the evidence presented at trial. Finally, Vowels argues the magistrate court abused its discretion and erred as a matter of law when it failed to modify the decree's custody schedule despite its opinion that a modification of custody would be in the children's best interests. In response, Bautista asserts the record demonstrates that the magistrate court: properly addressed the issues presented; did not abuse its discretion when it denied Vowels' petition to modify custody; and that the magistrate court's findings are supported by substantial evidence. Because we hold that Vowels failed to show the magistrate court erred when it denied his petition to modify custody, we need

3

not address the arguments raised relating to Bautista's motion for directed verdict, nor Vowels' motion to amend.

## A. Vowels' Petition to Modify Custody

An existing order or decree of child custody may be modified only upon a showing of a material, permanent, and substantial change in circumstances that warrants modification of custody for the best interests of the child. *Searle v. Searle*, 162 Idaho 839, 843, 405 P.3d 1180, 1184 (2017); *Doe v. Doe (2016-17)*, 161 Idaho 67, 71, 383 P.3d 1237, 1241 (2016); *Rogich v. Rogich*, 78 Idaho 156, 161, 299 P.2d 91, 94 (1956). A party who wishes to modify a previously existing custody order must first demonstrate that a material, substantial change in the parties' circumstances has occurred since the last custody order. *Searle*, 162 Idaho at 843, 405 P.3d at 1184. Once a material and substantial change has been established, the trial court will then determine custody and where the children will reside using the best interests of the child standard provided in I.C. § 32-717. *Searle*, 162 Idaho at 843, 405 P.3d at 1184; *Lamont*, 158 Idaho at 359, 347 P.3d at 651. Thus, the party moving to modify custody has the burden not only of showing the material and substantial change but that, in light thereof, the best interests of the children require changing custody. *Searle*, 162 Idaho at 843, 405 P.3d at 1184; *Chislett v. Cox*, 102 Idaho 295, 298, 629 P.2d 691, 694 (1981). Whether a change is "material" or "substantial" depends on the impact the change has on the child. *Doe (2016-17)*, 161 Idaho at 73, 383 P.3d at 1243. The changed-circumstances requirement reflects the policy favoring finality and discouraging relitigation of custody agreements. *Searle*, 162 Idaho at 843, 405 P.3d at 1184; *Doe (2016-17)*, 161 Idaho at 73, 383 P.3d at 1243. That policy goal, however, is of secondary importance when compared to the best interests of the child, which is the controlling consideration in all custody proceedings. *Searle*, 162 Idaho at 843, 405 P.3d at 1184; *Poesy v. Bunney*, 98 Idaho 258, 261, 561 P.2d 400, 403 (1977).

In his petition to modify custody, Vowels alleged the following substantial and material changes in the parties' circumstances had occurred since entry of the divorce decree:

1.      The minor children are now older and better able to spend extended periods of time in each household.
2.      [Vowels'] work schedule has changed such that he [sic] more available to spend time with the minor children.
3.      [Vowels] is no longer required to travel as frequently for work.

4

4.     The minor children spend frequent time in the care of third persons while in [Bautista's] care, which care results [sic] increased and unnecessary childcare expenses and costs.

5.     The minor children desire to spend additional time with [Vowels].

6.     The custody schedule in the Judgment and Decree results in mid-week transitions for the minor children during the school year which impact the children's consistency during the school week.

7.     It is believed [Bautista's] income has increased.

8.     The current custody schedule is not in the best interests of the minor children.

9.     [Vowels] may supplement with additional substantial and material changes in circumstance.

10.    Based upon the above substantial and material changes in circumstance child custody should be modified whereby [Bautista] and [Vowels] follow week on/week off custody schedule.  Child support should be modified consistent with the change of custody requested herein and the change in income of [Bautista].

At the conclusion of Vowels' presentation of evidence at trial, Bautista moved the magistrate court "for a directed verdict," asserting Vowels had failed to demonstrate that there had been a "substantial change in the [parties'] circumstances or that his proposed modification of custody is in the best interests of the children."  Vowels opposed the motion and, pursuant to I.R.F.L.P. 215, moved to amend his pleadings to conform "to the evidence that was presented, the issues that were tried by consent, including those substantial material changes in circumstances" he alleged had occurred since the initial divorce decree was entered.  The magistrate court orally ruled on Bautista's motion for a directed verdict and also memorialized its rulings in its findings of fact and conclusions of law.[1]  The magistrate court granted Bautista's motion for a directed

---

[1]     After the magistrate court orally ruled on Bautista's motion for a directed verdict, Vowels asked the magistrate court to specifically rule on his motion to amend his pleadings to conform to the evidence presented.  The magistrate court found Vowels' proposed amendments were not "tried by express or implied consent."  The magistrate further stated that, even if it were to grant Vowels' motion to amend, it would nevertheless find that Vowels failed to establish a "material, substantial, permanent change in circumstances."  Accordingly, the magistrate court denied Vowels' motion to amend.  On appeal, Vowels argues the magistrate court erred when it denied his motion to amend because:  (1) it did not address his motion prior to ruling on Bautista's motion for a directed verdict; (2) no objections were raised during trial regarding Vowels' and Bautista's testimony concerning other changes in circumstances; and (3) it applied the wrong legal standard. However, because the magistrate court found that Vowels would have nevertheless failed to establish a substantial and material change in the parties' circumstances had it granted Vowels'

verdict ,in part and denied it in part.[2]  Specifically, the magistrate court granted Bautista's motion for a directed verdict as it related to child custody.[3]  After analyzing all of the alleged changes raised in Vowels' petition, the magistrate court found that Vowels "had not established a material and substantial change in circumstances in regard to custody" and denied Vowels' petition to modify custody.

On appeal, Vowels asserts the magistrate court erred when it found that Vowels failed to establish a material and substantial change in the parties' circumstances.  In response, Bautista contends the magistrate court's findings relating to each of Vowels' alleged changes in circumstances are supported by substantial and competent evidence.  We will address each of the alleged substantial and material changes Vowel raises on appeal.[4]

### 1.    Children's ages

The first alleged change in circumstances raised in Vowels' petition to modify was that "the children are now older and better able to spend extended periods of time in each household."

---

motion to amend, Vowels' arguments are moot.  Accordingly, we will not address this issue further.

[2]    The magistrate court denied Bautista's motion for a directed verdict as it pertained to child support because it "found there was evidence of a material and substantial change in the parties' incomes."  Thereafter, the trial reconvened and the parties presented evidence regarding their respective incomes.  Ultimately, the magistrate court modified the decree's child support provisions and issued separate findings of fact and conclusions of law reflecting that modification.  The magistrate court's modification of child support has not been raised as an issue on appeal.

[3]    Vowels argues the magistrate court erred in granting Bautista's motion for a directed verdict because there "is no corresponding rule under the [I.R.F.L.P.] for directed verdicts."  Vowels also asserts the magistrate court erred in granting Bautista's motion because it failed "to apply the applicable legal standard" for motions for a directed verdict.  Bautista's reference to a "directed verdict" does not automatically entitle Vowels to the standard applicable for motions for a directed verdict.  The core of Bautista's argument was that Vowels failed to meet his initial burden of establishing a material and substantial change in circumstances warranting modification of custody.  Regardless of the verbiage used during the discussion of Bautista's motion for a "directed verdict," the magistrate court was evaluating whether Vowels had satisfied his initial burden.

[4]    On appeal, Vowels does not raise arguments pertaining to the magistrate court's analysis of Vowels' seventh, ninth, and tenth alleged changes in the parties' circumstances.  Accordingly, this Court will not address those alleged changes further.

The magistrate court found that, "due to the natural passage of time and the aging process, children will always be older when a petition to modify is filed after entry of a custody order." According to the magistrate court, there "are, and always will be, changes that occur in children's lives" as time passes after the entry of a custody order. However, the magistrate court found that "the passage of time does not necessarily mean the changes are material and substantial warranting modification of custody in the best interests of the children." The magistrate court further found that, while it identified changes in the children's lives and circumstances attributable to the passage of time and the children's increased ages, it did not find any such changes in circumstances to be material or substantial. Thus, the magistrate court found that Vowels' first allegation did not establish a material and substantial change in the parties' circumstances.

Vowels asserts the magistrate court erred with respect to the first alleged change in the parties' circumstances because, he contends, the passage of time and the respective increases in the children's ages "impacted the children in many different areas of their lives, as well as impacted the parents in their day to day care of the children." Specifically, Vowels highlights that L.V. obtained his driver's license and began helping the parties' transport the children to and from school, as well as during custody exchanges. Vowels also notes that L.V. can remain unsupervised for extended periods of time. A review of the record shows the magistrate court considered these changes and nevertheless found that they did not establish a material and substantial change in circumstances. The magistrate court's findings pertaining to the impact the passage of time had on the children are supported by substantial and competent evidence.

Relying on *Drinkall v. Drinkall*, 150 Idaho 606, 249 P.3d 405 (Ct. App. 2011), Vowels argues the magistrate court in this case relied upon on the same erroneous logic which led to our remand in *Drinkall*, i.e., that the children's increase in age was anticipated by the parties as evidenced by the stipulated phased-in custody schedule. Vowels contends that, while both parties anticipated that the children would get older, the magistrate court erred by relying solely on that finding in determining Vowels failed to establish a substantial and material change. Contrary to Vowels' argument, the magistrate court did not rely solely on the fact that the children would naturally get older with the passage of time when making its findings. Rather, the magistrate court also considered the impact the passage of time had on the children. Nevertheless, the magistrate court found the impact on the children highlighted by Vowels failed to establish a material and

substantial change in circumstances indicating to the magistrate court's satisfaction that modification of custody would be in the children's best interests. *Drinkall* does not change our conclusion that Vowels has failed to show error in the magistrate court's analysis of Vowels' first alleged change in circumstances.

### 2.      Vowels' work schedule and work-related travel

The second alleged change raised in Vowels' petition to modify was that his "work schedule has changed such that he [sic] more available to spend time with the minor children." The magistrate court noted that, at the time the divorce decree was entered, Vowels was self-employed, "owning and operating Nathan's Painting and Birdhouse Storage." Vowels testified that he worked approximately sixty-two hours per week for Nathan's Painting at the time the parties divorced, but that he now only works approximately twenty hours per week. The magistrate court found that, because Vowels is self-employed, he "had a flexible work schedule that he controlled" at the time the decree was entered. The magistrate court also found that Vowels remained self-employed at the time of the modification trial and that he continued to have control over his flexible work schedule. Further, the magistrate court noted the materials submitted by the parties at the time of the divorce in which Vowels "was promoting how flexible his schedule was then," which is the same argument Vowels advanced at trial. Because Vowels' flexibility remained the same, the magistrate court found his second allegation failed to establish a material and substantial change in the parties' circumstances.

Similarly, the third alleged change in circumstances raised in Vowels' petition to modify was that he "is no longer required to travel as frequently for work." Vowels testified that, as a result of his employees taking on more responsibilities, he is no longer required to travel for work. The magistrate court again noted that, at the time the decree of divorce was entered, Vowels also had a flexible work schedule which he controlled. The magistrate court further noted that "when, where and how frequently [Vowels] travelled for work was subject to his control and was not required or controlled by an employer or supervisor." The magistrate court also found that, at the time of the trial, Vowels had the same flexible work schedule he had at the time the decree was entered. Additionally, Vowels continued to have control over when, where, and how frequently he traveled for work. Accordingly, the magistrate court found Vowels' third allegation did not establish a material and substantial change in the parties' circumstances.

On appeal, Vowels argues the magistrate court's focus on the finding that Vowels controlled his work schedule, including work-related travel, was misguided. According to Vowels, the alleged change in his work schedule and travel "must be analyzed, not just from the perspective of why it has changed, but instead how it has changed and how such change intersects with the best interest of the children." Vowels asserts that, since he is more available to be with the children, coupled with the children allegedly wanting "to spend more time with him, and are now older and better able to do so," the magistrate court erred in not finding a material and substantial change. We disagree. The record shows that the magistrate court considered Vowels' change in work schedule. However, because Vowels is self-employed and has been throughout the proceedings related to this case, the magistrate court found that he could change his work schedule as he saw fit, when he saw fit. As such, the magistrate court found Vowels' control over his work schedule, which he has enjoyed since the parties' stipulated decree, negated any potential findings of a material and substantial change. The magistrate court's findings are supported by substantial and competent evidence. Accordingly, Vowels has failed to show error in the magistrate court's analysis of his second and third alleged changes.

### 3. Third-party childcare

The fourth alleged change in circumstances raised in Vowels' petition to modify is that "the minor children spend frequent time in the care of third persons while in [Bautista's] care, which care results [in] increased and unnecessary childcare expenses and costs." At trial, the magistrate court found: "Given their age, I don't find that that's--that they are, in fact, spending frequent time in third person care." As such, the magistrate court found that Vowels' fourth allegation failed to establish a material and substantial change in the parties' circumstances related to childcare.

On appeal, Vowels argues the magistrate court erred when it "overlooked the evident change that had occurred from the time of the filing" of his petition and the date of the trial. Vowels cites *McGriff*, 140 Idaho at 647, 99 P.3d at 116, for the following proposition:

> Consequently, if the trial court finds "any change which is evident" representing a material circumstance that affects the best interest of the child in a custody proceeding, not only does the trial court have the discretion to make such findings if the evidence supports them, it is required to do so.

9

Vowels asserts that the "evident change" overlooked by the magistrate court is "that the children [are] now old enough to no longer require third party childcare when [Bautista] was working." According to Vowels, the magistrate court "should have considered the children's increased ages and decrease in the need for third party childcare" when analyzing this alleged change. However, the "evident change" Vowels alleges exists refers to the first alleged change in circumstances Vowels raised in his petition to modify, i.e., that the minor children are now older and better able to spend extended periods of time in both households. As stated above, the magistrate court did evaluate the children's age and the impact of the passage of time and ultimately determined that any changes related thereto did not establish a substantial or material change in the parties' circumstances. The magistrate court's findings are supported by substantial and competent evidence. Accordingly, Vowels has failed to show error in the magistrate court's analysis of his fourth alleged change relating to childcare.

### 4. Children's desire to spend more time with Vowels

The fifth alleged change in circumstances raised in Vowels' petition to modify is that "the minor children desire to spend additional time with" Vowels. The magistrate court determined it could not make such a finding because it had not heard from the children. The magistrate court noted that it did not "have anything from which [it] would find that [the children] are wanting more of one or the other [parent] at this point in time than they already have." Thus, based on the evidence presented, or lack thereof, the magistrate court could not determine whether there had been a change in the amount of time the children wished to spend with Vowels. Accordingly, Vowels' fifth allegation failed to establish a material and substantial change in the parties' circumstances.

On appeal, Vowels argues the magistrate court's finding was clearly erroneous. Vowels attempts to bolster his argument by highlighting conflicting testimony from both Vowels and Bautista pertaining to the children's desired custody arrangement. Specifically, Vowels points to Bautista's testimony at trial that the children did not express a "strong preference one way or the other" during their discussions of the custody schedule. Vowels also cites his testimony at trial that the children frequently expressed a desire to spend additional time with him. Based on this testimony, Vowels contends the magistrate court's finding that it could not ascertain the children's desired custody schedule is clearly erroneous. We disagree. When conflicting evidence is

presented, the task of evaluating the credibility of witnesses and weighing the evidence presented is vested in the trial court. *Desfosses*, 120 Idaho at 357, 815 P.2d at 1097. Further, this Court will not set aside the trial court's factual findings as clearly erroneous if they are supported by substantial and competent, even if conflicting, evidence. *Kennedy*, 151 Idaho at 442, 259 P.3d at 588. Here, the magistrate court's findings are supported by substantial and competent evidence. Accordingly, Vowels has failed to show error in the magistrate court's analysis of his fifth alleged change in the parties' circumstances.

### 5.     Custody exchanges

The sixth alleged change in circumstances raised in Vowels' petition to modify is that the current custody schedule "results in mid-week transitions for the minor children during the school year which impact the children's consistency during the school week." The magistrate court indicated that the decree's custody order provided for exchange of the children during the school week. More specifically, the children would go from Vowels' custody to Bautista "on Tuesday morning at the start of the school day" and from Bautista's custody to Vowels "on Friday after school." The magistrate court found that, at the time of trial, the children continued to follow the same custody schedule. The magistrate court also noted that no evidence was presented to support Vowels' allegation that the timing of the exchanges negatively impacts the children's consistency during the school week. Accordingly, the magistrate court found that the dates and times of the exchanges remained "the same as they were" and did not constitute a change in circumstances.

On appeal, Vowels argues the magistrate court erred in finding his sixth alleged change did not establish a material and substantial change in light of the magistrate's stated belief that mid-week custody exchanges tend to interfere with children's routines. In support of his argument, Vowels relies on the following statement, which the magistrate court made during trial:

> But one of the, I guess, opinions I have evaluating these cases is particularly school nights, I believe children are, from my experience, better being in the same bed and the same routine every night before school. And so it would be like Sunday, Monday, Tuesday, Wednesday, Thursday with one parent, and then the weekends, Friday night, Saturday night with the other parent, so they have a routine.

Vowels appears to argue that, because the magistrate court expressed its belief that mid-week exchanges could potentially negatively impact children's routines, the magistrate court was required to find that Vowels' sixth allegation constituted a substantial and material change.

11

Vowels' argument is unpersuasive. The magistrate court's discussion and criticism of custody schedules with mid-week exchanges does not necessitate a finding of a material and substantial change. Moreover, that the magistrate court seemed to agree with Vowels that mid-week exchanges could negatively impact the children's routines does not mean the magistrate court was required to also find Vowels' alleged change to be a material and substantial change. The magistrate court's finding that no evidence was presented showing that the mid-week exchanges negatively impact the children's consistency during the school week is supported by substantial and competent evidence. Accordingly, Vowels has failed to show error in the magistrate court's analysis of his sixth alleged change in the parties' circumstances.

**6.     Current custody schedule**

The eighth alleged change in circumstances raised in Vowels' petition to modify is that "the current custody schedule is not in the best interests of the minor children." The magistrate court first discussed the terms of the parties' custody schedule pursuant to the original divorce decree. While the magistrate court indicated he had some concerns regarding the parties' stipulated custody arrangement, it also noted that the children had been following the schedule in question for approximately four and one-half years. The magistrate court also found there was no evidence presented at trial to show that the custody schedule was negatively impacting the children and/or their school performance. Because the magistrate court's concerns all existed at the time the original decree was stipulated to, the magistrate court determined that the concerns did not establish a substantial or material change in circumstances. Accordingly, the magistrate court found that Vowels failed to establish a material and substantial change in the parties' circumstances in relation to the custody schedule.

On appeal, Vowels argues the magistrate court erred because, "despite agreeing with [Vowels] that the current schedule is not in the best interest of the children, and despite [Vowels] making that specific allegation," the magistrate court did not find a substantial and material change in circumstances. Vowels asserts such analysis "lacks legal reasoning consistent with Idaho law." Vowels cites the following portion of the transcript in an attempt to show the magistrate court's finding that the best interests of the child warrant modification of custody: "But from what I'm hearing here, I think there's likely best interest of the child would warrant modification." Vowels then attempts to bolster his argument by highlighting changes the magistrate court opined could

12

help tailor the custody schedule to the best interests of the children. Thus, Vowels appears to argue once again that, because the magistrate court opined that a modification of custody could be in the best interests of the children, the magistrate court was required to modify the decree's custody schedule. However, that is not the standard governing modifications of existing custody orders or decrees.

In order to modify the terms of an existing custody order or decree, the moving party has the burden of first establishing a material and substantial change in circumstances. *Searle*, 162 Idaho at 843, 405 P.3d at 1184. Once a material and substantial change has been established, the moving party has the additional burden of showing that, in light of the change, the best interests of the children require the shifting of custody. *Id.*; *Chislett*, 102 Idaho at 298, 629 P.2d at 694. Thus, it was Vowels' burden to first show the magistrate court that a material and substantial change in the parties' circumstances had occurred. Thereafter, Vowels' next burden would be to show the magistrate court that, in light of his alleged material and substantial changes, the best interests of the children warranted modification of the custody schedule. Despite the magistrate court's concerns regarding the parties' existing custody schedule, the magistrate court found that Vowels failed to meet his first burden of establishing a material and substantial change. Such a finding is supported by substantial and competent evidence. Accordingly, Vowels has failed to show error in the magistrate court's analysis of his eighth alleged change in the parties' circumstances.

## B.    Attorney Fees

On appeal, Bautista requests an award of attorney fees pursuant to I.C. § 12-121 and I.A.R. 41. Vowels responds that Bautista's request for attorney fees on appeal should be denied because his appeal "has not been brought frivolously, unreasonably, or without foundation."

An award of attorney fees may be granted under I.C. § 12-121 and I.A.R. 41 to the prevailing party and such an award is appropriate when the court is left with the abiding belief that the appeal has been brought or defended frivolously, unreasonably, or without foundation. *Rendon v. Paskett*, 126 Idaho 944, 945, 894 P.2d 775, 776 (Ct. App. 1995). An award of attorney fees is appropriate if the appellant only invites this Court to second-guess the trial court on conflicting evidence, or if the law is well settled and the appellant has made no substantial showing that the lower court misapplied the law, or no cogent challenge is presented with regard to the trial court's

13

exercise of discretion. *Pass v. Kenny*, 118 Idaho 445, 449-50, 797 P.2d 153, 157-58 (Ct. App. 1990). That standard for an award of attorney fees has not been satisfied in this case. Accordingly, Bautista is not entitled to an award of attorney fees on appeal pursuant to I.C. § 12-121 and I.A.R. 41.

Bautista also argues that, because of the disparity between the parties' incomes, she is entitled to attorney fees pursuant to I.C. § 32-704. Bautista cites *Davies v. Davies*, 160 Idaho 74, 77, 368 P.3d 1017, 1020 (Ct. App. 2016) and asserts that, "a disparity of income is sufficient to support a magistrate's conclusion that the party with the higher income should pay a share of the other party's attorney fees." As such, Bautista argues she is entitled to attorney fees because her income is $104,221 and Vowels' income is $216,979. In response, Vowels argues Bautista's request for attorney fees "in this regard is frivolous in that she now asks the court to award attorney fees for an issue that was not raised before the trial court." Thus, because she did not raise this argument below, Vowels asserts Bautista's argument is not preserved and that her request for attorney fees should therefore be denied. We agree with Vowels. Generally, issues not raised below may not be considered for the first time on appeal. *Sanchez v. Arave*, 120 Idaho 321, 322, 815 P.2d 1061, 1062 (1991). In this case, the record shows that Bautista failed to file a motion for attorney fees pursuant to I.C. § 32-704(3) with the magistrate court. Consequently, Bautista's argument is unpreserved. Accordingly, Bautista is not entitled to an award of attorney fees on appeal pursuant to I.C. § 32-704.

## IV.

## CONCLUSION

The magistrate court's analysis of Vowels' alleged substantial and material changes are supported by substantial and competent evidence. Vowels has failed to show the magistrate court erred when it denied his petition to modify the decrees' custody schedule. Bautista has failed to satisfy the standard for an award of attorney fees pursuant to I.C. § 12-121 and I.A.R. 41. Additionally, Bautista failed to preserve her argument for an award of attorney fees pursuant to I.C. § 32-704. Accordingly, the judgment regarding Vowels' petition to modify child custody is affirmed. Costs, but not attorney fees, on appeal are awarded to Bautista as the prevailing party.

Judge HUSKEY and Judge TRIBE, **CONCUR**.