Debra COOK and Keith Seeman *v.*
ESTATE OF Ruby SEEMAN

93-361                         858 S.W.2d 114

Supreme Court of Arkansas
Opinion delivered July 12, 1993

*J. Bradley Green*, for appellants.

*Malcolm R. Smith, P.A.*, for appellee.

JACK HOLT, JR., Chief Justice. This case presents the novel issue of whether an exclusionary clause in a will lacking a residuary clause controls intestate property held by the testatrix. We hold that it does not and reverse the findings of the Probate Court.

On May 7, 1987, the decedent, Ruby Seeman, executed a will distributing her assets to her husband, brother and three surviving children. The will, which does not have a residuary clause, fails to dispose of her residence, but it does explicitly

exclude the widow and children of her late son, Marion Seeman, from inheriting any part of her estate: "Whereas, my son, Marion Seeman, has preceded me in death, I direct that no part of my estate shall go to his Widow, Darlene Seeman, or to their children Deborah Seeman Jones and Keith Seeman."

Mrs. Ruby Seeman died on March 10, 1992, and proof of will documents were filed by the two witnesses. The Executrix for the Estate petitioned the court for authority to sell the decedent's residence and asked the court to determine to whom the proceeds of the sale should be distributed. After a hearing the Arkansas County Probate Court determined:

> That the decedent's residence was not disposed of by her will, and the decedent's will did not contain a residuary clause.
>
> . . . .
>
> As it was the Testatrix's specific intent to exclude Deborah Seeman Jones and Keith Seeman from sharing in her estate, the will should be construed so that the proceeds from the sale of the house are distributed to the decedent's three surviving children, Jeanette Seeman Tuthill, Margaret Seeman Schafer and Harold Seeman, Jr.
>
> IT IS, THEREFORE, BY THE COURT, CONSIDERED, ORDERED ADJUDGED AND DECREED that the proceeds from the sale of the decedent's residence are to be distributed to the decedent's three surviving children, Jeanette Seeman Tuthill, Margaret Seeman Schafer and Harold Seeman, Jr.

It is from this order that Debra (Seeman Jones) Cook and Keith Seeman bring this appeal.

This is a case of first impression for this court. Clearly, the decedent's residence was not disposed of through her will; it is also apparent that Mrs. Seeman intended to prevent her two grandchildren from inheriting from her estate. Traditionally, the cardinal principle of will interpretation is that the testator's intent governs and that intention is to be gathered from the four corners of the instrument, *Gifford* v. *Gifford*, 305 Ark. 46, 805 S.W.2d 71 (1991), and if at all possible, we will broaden or

enlarge a residuary clause to avoid intestacy. *Kidd* v. *Sparks*, 276 Ark. 85, 633 S.W.2d 13 (1982). Yet, here, there is no residuary clause disposing of the balance of the decedent's estate so intestacy as to the residence is unavoidable. Our statutes provide that any part of the estate "not disposed of by will shall be distributed as provided by law with respect to the estates of intestates." Ark. Code Ann. § 28-26-103 (1987).

Although there are no Arkansas cases deciding whether the intent to disinherit should affect distribution of intestate property, we have mentioned this issue on one occasion. In *Quattlebaum* v. *Simmons Nat'l Bank*, 208 Ark. 66, 184 S.W.2d 911 (1945), a case involving questions of whether certain bequests had lapsed and, if so, whether certain legatees could also share in the residual intestate property, we stated in obiter dictum, "The fact that a person is disinherited by the will does not prevent his sharing, as heir at law or distributee, in property, a legacy or devise of which has failed by lapse." *Quattlebaum*, 208 Ark. at 69, 184 S.W.2d at 913 (citation omitted).

In other jurisdictions it is well settled that although the testator's intent to disinherit is clearly and unambiguously expressed in the will, such exclusionary language will not be given effect as against the distribution of intestate property. *Estate of Stroble*, 636 P.2d 236 (Kan. 1981); *In Re Estate of Stewart*, 304 A.2d 361 (N.H. 1973); *Kimley* v. *Whittaker*, 306 A.2d 443 (N.J. 1973); *In Re Smith's Estate*, 353 S.W.2d 721 (Mo. 1962); *In Re Dunn's Estate*, 260 P.2d 964 (Cal. App. 2d 1953). A good reason given for this rule, expressed by the court of appeals of·a sister state, is that because the intestate property passes by law rather than by will, the statute and not the testator controls the distribution of this property. *Estate of Baxter*, 827 P.2d 184, 187 (Okla. App. 1992).

The estate relies on *In Re Fellman's Estate*, 99 N.Y.S.2d 259 (1944) in its argument, but we do not find it persuasive. There, the testator devised a gift to his brother which lapsed because he predeceased the testator. The court denied the testator's sister, who had been left $3,000 in "lieu of all interest in my estate," a share of the lapsed devise but offered no explanation for its decision.

We hold that although the will excluded the appellants

from the estate, it did not alter their entitlement under the laws of intestate succession, provided in Ark. Code Ann. § 28-26-103 (1987). Accordingly, we reverse the decision of the Probate Court. Reversed and remanded.