Argued and submitted September 11, reversed and remanded with instructions
October 23, 2002

In the Matter of the Estate of
Mary Alberta Bartels, Deceased.

J. Gary McCLAIN,
Personal Representative of the Estate of
Mary Alberta Bartels, Deceased,
*Appellant,*

*v.*

Daniel L. HARDY,
*Respondent.*

9911-92126; A116795

56 P3d 501

J. Gary McClain argued the cause and filed the brief *pro se*.

William T. Powers argued the cause and filed the brief for respondent.

Before Landau, Presiding Judge, and Armstrong and Brewer, Judges.

LANDAU, P. J.

## LANDAU, P. J.

In this probate case, the personal representative of decedent's estate appeals an order that distributes decedent's net estate to Daniel Hardy, decedent's brother. The personal representative argues that, because the will contains no provision for the disposition of the net estate, pursuant to ORS 112.015, the net estate must pass to decedent's only child, Deborah Smith, in accordance with the law of intestate succession. Hardy argues that ORS 112.015 does not apply in this case, because decedent clearly expressed an intention that Smith not receive the net estate. We agree with the personal representative and reverse and remand for entry of an order distributing the net estate to decedent's daughter.

The relevant facts are not in dispute. In 1977, decedent executed a will that left a sewing machine, certain photos, and a china cup to Smith. The will further provided:

"It is my express intention that these items be the total of the benefits left to my daughter, * * * and she shall be specifically excluded from any other benefits of my estate."

With the exception of a few personal items left to her stepson, the remainder of the estate decedent left to her husband. There are no other dispositive provisions in the will.

Decedent's husband died in 1993. Decedent died in 1999 without having revised her 1977 will. Her personal representative filed a final account and petition for judgment of final distribution, requesting that the net estate after payment of debts and administrative expenses be distributed to Smith. Hardy objected, arguing that the net estate should be distributed to him. He argued that decedent's will clearly expressed an intention that Smith not receive the net estate and that, under the laws of intestate succession, he stands next in line to receive the net estate. The trial court agreed and entered its order accordingly.

On appeal, the personal representative argues that, because decedent's husband predeceased her, the will fails to dispose of the net estate. Under the circumstances, he argues, ORS 112.015 provides that the net estate must pass in accordance with the law of intestate succession. That law,

he contends, requires the net estate to be distributed to the only child, Smith.

Hardy argues that, in light of decedent's clearly expressed intention that Smith take no more than the sewing machine, the photos, and the china cup, under ORS 112.227, the law of intestate succession must give way to that intention. Hence, he concludes, he should receive the net estate, not Smith.

■       ORS 112.015 provides that "[a]ny part of the net estate of a decedent not effectively disposed of by the will of the decedent shall pass as provided in ORS 112.025 to 112.055." The cross-referenced statutes constitute the Oregon law of intestate succession. Pursuant to ORS 112.045, if there is no surviving spouse, the net estate is to be distributed as follows:

"(1)   To the issue of the decedent. * * *

"(2)   If there is no surviving issue, to the surviving parents of the decedent.

"(3)   If there is no surviving issue or parent, to the brothers and sisters of the decedent * * *."

The statute thus requires the law of intestate succession to apply if any part of the net estate is "not effectively disposed of by the will." The question in this case is whether decedent's will, by expressing the intent that her daughter *not* receive the net estate, "disposed of" that net estate within the meaning of the statute. The question is one of statutory construction, governed by the interpretive principles described in *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993). In accordance with those interpretive principles, we presume that the legislature intended the words of the statute to be given their ordinary meanings. *Id.*

2.      To "dispose of" property ordinarily means "to place, distribute, or arrange * * * to transfer into new hands or to the control of someone else * * * RELINQUISH, BESTOW." *Webster's Third New Int'l Dictionary* 654 (unabridged ed 1993). Thus, under that definition, a part of the net estate of a decedent is not effectively "disposed of" if it is not actually

given to someone else. A disinheritance clause, unaccompanied by an actual disposition of the property at issue, in other words, does not "dispose of" that property. Nothing in the text of the statute suggests that the legislature intended anything other than that ordinary meaning of the term.

We note that that reading of the statute is consistent with the hornbook proposition of common law that a disinheritance clause in a will does not have the legal effect of "disposing of" the property subject to that clause. A standard treatise on the subject describes the general rule in the following terms:

> "If testator does not dispose of the whole of his estate by his last will and testament, and such will contains negative words of exclusion, the great majority of states hold that such negative words cannot prevent property from passing under the statutes of descent and distribution. This question comes up, as a rule, when testator provides specifically in his will that certain heirs who are named or are otherwise indicated shall not receive any part of his estate. If his will disposes of part of his property, but not all, such provision is without effect as to the property of which he makes no disposition by his will."

William J. Bowe and Douglas H. Parker, 4 *Page on the Law of Wills* § 30.17, 115 (3d ed 1961).

To similar effect are the holdings of many cases from other jurisdictions. *In re Barnes' Estate*, 63 Cal 2d 580, 407 P2d 656 (1965)—remarkably close to the facts in the case before us—is representative. In that case, the testator executed a will that left everything to her husband and expressly disinherited other possible heirs. The will contained no other residuary clause. The testator's husband predeceased her, and she did not amend the will following his death. The California Supreme Court held that, notwithstanding the disinheritance clause, the testator's property passed in accordance with the law of intestate succession:

> "It is settled that a disinheritance clause, no matter how broadly or strongly phrased, operates only to prevent a claimant from taking under the will itself * * *. Such a clause does not and cannot operate to prevent the heirs at law from taking under the statutory rules of inheritance

when the decedent has died intestate as to any or all of his property."

*Id.* at 583, 407 P2d at 659; *see also Cook v. Estate of Seeman*, 314 Ark 1, 3, 858 SW2d 114, 115 (1993) (adopting "well-settled" rule "that although the testator's intent to disinherit is clearly and unambiguously expressed in the will, such exclusionary language will not be given effect as against the distribution of intestate property"); *In re Estate of Cancik*, 106 Ill 2d 11, 18, 476 NE2d 738, 741 (1985) ("When a testator provides that certain indicated heirs are not to take from his estate and the will disposes of less than all of the estate, the provision excluding the heirs is without effect as to the property which is not disposed of by the will."); *Matter of Estate of Baxter*, 827 P2d 184, 186 (Okla Ct App 1992) ("the general rule is that the fact that a person is disinherited by a will does not prevent his sharing, as a[n] heir at law, in property the testamentary disposition of which has failed by lapse").[1]

ORS 112.227 is not to the contrary. That statute provides that "[t]he intention of a testator as expressed in the will of the testator controls the legal effect of the dispositions of the testator." By its terms, it is a rule of construction as to "the legal effect of *the dispositions* of the testator." (Emphasis added.) In other words, if a provision in the will disposing of property is ambiguous, ORS 112.227 provides a rule of construction by which the courts may resolve the ambiguity. But if the will does not contain a provision disposing of the property, ORS 112.227 does not authorize the courts to supply such a provision. The statute guides the courts in interpreting a will; it does not authorize the courts to redraft one.

---

[1] It is also interesting to note that ORS 112.015, enacted in 1969, was based on the 1969 Uniform Probate Code. In 1990, the Commissioners on Uniform State Laws added a section to provide:

"A decedent by will may expressly exclude or limit the right of an individual or class to succeed to property of the decedent passing by intestate succession. If that individual or a member of that class survives the decedent, the share of the decedent's intestate estate to which that individual or class would have succeeded passes as if that individual or each member of that class had disclaimed his [or her] intestate share."

*Uniform Probate Code* § 2-101(b), 42-43 (9th ed 1990). The commentary to the new section explains that it "reverses the usually accepted common-law rule." *Id.* at 43. The Oregon legislature has not adopted that section of the Uniform Probate Code.

■     We return to the provision of the will at issue in this case. It leaves to decedent's daughter and stepson certain items of personal property. It then provides that Smith "shall be specifically excluded from any other benefits of my estate." The will provides that the net estate goes to decedent's husband, but he predeceased her, and there is no other instruction as to the disposition of the net estate. The will, in other words, does not "dispose of" the net estate. It expresses an intention that Smith not obtain anything other than the items of personal property specified. But that provision says nothing about who does receive the net estate. Because the will does not effectively dispose of the net estate, ORS 112.015 provides that the net estate must pass in accordance with the law of intestate succession. As we have noted, under ORS 112.045, if there is no surviving spouse, the net intestate estate passes to "the issue of the decedent." In this case, the only issue of decedent is Smith. The trial court therefore erred in ordering the distribution of the net estate to Hardy.

    Reversed and remanded for entry of order distributing net estate to Deborah Smith.