**IN THE SUPREME COURT OF THE STATE OF IDAHO**

**Docket No. 39766-2012**

| | | |
|---|---|---|
| STATE OF IDAHO DEPARTMENT OF HEALTH AND WELFARE, | ) ) ) | Boise, August 2013 Term |
| Plaintiff, | ) ) | 2013 Opinion No. 100 |
| v. | ) ) | Filed: October 2, 2013 |
| AMY BETH SLANE, | ) ) | Stephen W. Kenyon, Clerk |
| Defendant-Petitioner-Respondent, | ) ) ) | |
| v. | ) ) | |
| STEPHEN WAYNE ADAMS, | ) ) | |
| Defendant-Respondent-Appellant. | ) ) | |

Appeal from the District Court of the Fourth Judicial District of the State of Idaho, in and for Ada County. The Hon. Kathryn A. Sticklen, District Judge; Hon. Michael J. Reardon, Magistrate Judge.

The judgment of the district court is <u>reversed</u>.

James M. Runsvold, Caldwell, argued for appellant.

Bobbi K. Dominick, Boise, argued for respondent.

_____

EISMANN, Justice.

This is an appeal out of Ada County from a judgment by the district court upholding a magistrate judge's order dismissing a father's motions to modify child custody and child support on the ground that the father, who was in contempt for failing to make one payment of child support and was unable to purge the contempt by paying all delinquent child support, had failed to show that his current inability to purge the contempt was for reasons beyond his control. We reverse the judgment of the district court.

# I.
## Factual Background.

On June 11, 2003, the State of Idaho Department of Health and Welfare obtained a judgment decreeing that Steven Wayne Adams (Father) and Amy Beth Slane (Mother) were the parents of a baby girl. The judgment included an order that the Father shall pay child support in the sum of $635.00 per month, beginning on April 1, 2003. The judgment did not address custody of the child.

On March 11, 2010, the Mother filed a motion seeking to have the Father held in contempt for failing to pay child support. In response, on April 20, 2010, the Father filed a motion seeking to modify the judgment by granting him sole legal and physical custody of the baby girl and by terminating his obligation to pay child support. On the same date, he also filed a motion seeking to reduce the amount of his monthly child support payment on the ground that his income had substantially and materially changed.

A hearing on the motion for contempt was held before a magistrate judge on January 5, 2011. The judge found the Father guilty of one count of contempt for failing to pay child support due for November 2009 in the sum of $635.00. The judge also found that the Father had failed to make the child support payments due for seven other months, but the Mother had only alleged one count of contempt rather than a separate count for each month.[1] The judge sentenced the Father to thirty days in jail, suspended twenty-five days of the sentence, and placed the Father on probation for two years. The terms of probation included that he pay $5,715.00 in back child support by December 1, 2011.

On March 2, 2011, the magistrate judge entered an order dismissing the Father's motions to establish child custody and reduce child support on the ground that: (a) he had been found guilty of one count of contempt for non-payment of child support in November 2009 in the sum of $635.00; (b) he admitted he was unable to purge the contempt by paying $5,715.00 before his sentencing for contempt; and (c) he did not show that his inability to purge the contempt was for reasons beyond his control, such as incarceration. The court held that it was therefore unable to entertain a motion to modify child support pursuant to *Nab v. Nab*, 114 Idaho 512, 757 P.2d

---

[1] The other months were April, May, July, August, September, and December of 2009 and January 2010. "Each instance of alleged contempt, if there is more than one, must be set forth separately." I.R.C.P. 75(c)(3).

1231 (Ct. App. 1988), and that both motions must be dismissed because the Father's motion to modify child custody was indivisible from his motion to modify child support.

The Father appealed to the district court. The district court affirmed the order dismissing the Father's motions on the ground that *Nab* applied to both criminal and civil contempt, and it awarded the Mother attorney fees on appeal. The Father then appealed to this Court.

## II.
## Standard of Review.

In an appeal from a judgment of the district court acting in its appellate capacity over a case appealed to it from the magistrate court, we review the judgment of the district court. *In re Estate of McKee*, 153 Idaho 432, 436, 283 P.3d 749, 753 (2012). We exercise free review over the issues of law decided by the district court to determine whether it correctly stated and applied the applicable law. *Kennedy v. Schneider*, 151 Idaho 440, 442, 259 P.3d 586, 588 (2011). With respect to the magistrate court's findings of fact that are challenged in the district court, we review the district court's decision as to whether those findings were supported by substantial and competent evidence. *Id.*

## III.
## Did the District Court Err in Affirming the Magistrate Court's Order Dismissing Father's Motions for Failure to Prove that His Inability to Purge the Contempt Was Not Due to His Own Conduct?

Father was found in contempt for failing to make a child support payment of $635.00 due in November 2009. He does not challenge the finding of contempt; he only appeals the sanction imposed.

"If the contempt involves not doing what the court ordered the contemnor to do, then either a criminal or a civil contempt sanction could be imposed." *Camp v. East Fork Ditch Co., Ltd.*, 137 Idaho 850, 865, 55 P.3d 304, 319 (2002). "[A]n unconditional penalty is a criminal contempt sanction, and a conditional penalty is a civil contempt sanction." *Id.* at 863, 55 P.3d at 317 (footnote omitted). "A penalty is unconditional if the contemnor cannot avoid any sanction by complying with the court order violated. A penalty is also unconditional even if it is suspended and the contemnor is placed on probation." *Id.* "[I]f *both* civil and criminal relief are imposed in the same proceeding, then the ' "criminal feature of the order is dominant and fixes

3

its character for purposes of review." ' " *Hicks v. Feiock*, 485 U.S. 624, 638 n. 10, 108 S.Ct. 1423, 1433, 99 L.Ed.2d 721, 736 (1988). A court can impose a criminal contempt sanction in nonsummary contempt proceedings only if the contemnor has been afforded the federal constitutional rights applicable to criminal contempt proceedings. *Camp*, 137 Idaho at 865, 55 P.3d at 319. The Father has not contended on appeal that he was not afforded the constitutional rights applicable to criminal contempt proceedings.

The magistrate held that it could refuse to hear the Father's motions because he was unable to purge the contempt and could not prove that his inability was due to circumstances beyond his control. The district court erred in affirming the magistrate court's order.

The district court held that refusal to hear the Father's motions was a permissible criminal contempt sanction. The possible criminal contempt sanctions are set forth in Idaho Code section 7-610. *Id.* They are a determinate fine and/or a determinate jail sentence.[2] That statute does not authorize denial of access to the courts as a criminal contempt sanction. Therefore, the district court erred in affirming the magistrate's order on the ground that it was a permissible criminal contempt sanction.

Although not expressly stating that the magistrate's order was a civil contempt sanction, in upholding the magistrate's order the district court also relied upon *Nab*, 114 Idaho at 518, 757 P.2d at 1237, in which the court of appeals held that a court's refusal to hear a contemnor's motion to modify child support until he purged the contempt was a civil contempt sanction. The magistrate's order could not be upheld as a civil contempt sanction.

A civil contempt sanction is conditional. *Camp*, 137 Idaho at 863, 55 P.3d at 317. "A penalty is conditional if the contemnor can avoid any sanction, including probation, by doing the act he had been previously ordered to do." *Id.* at 864, 55 P.3d at 318. In this case, the

---

[2] At the time of the contempt alleged in this case, Idaho Code section 7-610 stated:

> Upon the answer and evidence taken, the court or judge must determine whether the person proceeded against is guilty of the contempt charged, and if it be adjudged that he is guilty of the contempt, a fine may be imposed on him not exceeding five thousand dollars ($5,000), or he may be imprisoned not exceeding five (5) days, or both; except that if the contempt of which the defendant be adjudged guilty be a disobedience of a judgment or order for the support of minor children, he may be imprisoned not exceeding thirty (30) days in addition to such fine, under this section, as the court may impose. Additionally, the court in its discretion, may award attorney's fees and costs to the prevailing party.

Ch. 200, § 1, 1997 Idaho Sess. Laws 575, 575-76.

4

magistrate's judgment of conviction for contempt stated that the Father was "found guilty of one (1) count of contempt for failing to pay child support for November, 2009, as ordered by the Judgment and Order of Filiation filed on June 11, 2003, in the amount of $635.00." However, the magistrate dismissed the Father's motions because he was "unable to purge his contempt by payment of the contempt amount, $5715, before his sentencing thereon and such inability has not been shown to be for reasons beyond his control, such as incarceration." Thus, the magistrate held that the Father was in contempt for failing to pay $635.00, but he had to pay $5,715.00 in order to purge that contempt.

"The court could impose a civil contempt sanction only if the contemnor had the present ability to comply with the order violated." *Id*. at 865, 55 P.3d at 319. In this case, the order violated—the order for which the Father was found in contempt—was the requirement that he pay $635.00 in child support in November 2009. Although the magistrate found that the Father had also not paid seven other months of child support, he was not found in contempt for failing to make those payments because they were not alleged as separate counts of contempt. Allegations or even findings that the Father failed to make other child support payments are not a substitute for contempt proceedings. *Embree v. Embree*, 85 Idaho 443, 452, 380 P.2d 216, 221 (1963). "The issue of defendant's contempt was an issue to be decided in *contempt proceedings*." *Id*. Because the magistrate required the Father to pay sums in addition to the amount for which he had been found in contempt, the order is not a civil sanction. A civil contempt sanction may be imposed "[w]hen the contempt consists in the omission to perform an act which is yet in the power of the person to perform." I.C. § 7-611. The action required to purge the contempt (payment of $5,715.00) was not performing the act for which he was found in contempt (failure to pay $635.00).

It was also not a civil sanction because his motions were dismissed. The magistrate found the Father in contempt on January 5, 2011, and then sentenced him on February 15, 2011. As a condition of probation, the magistrate gave the Father until December 1, 2011, to pay back child support in the sum of $5,715.00. On March 2, 2011, the magistrate entered an order dismissing the Father's motions effective January 5, 2011, because he had not purged his contempt before the sentencing. Retroactively dismissing the motions is not a conditional sanction. It was unconditional.

5

On April 20, 2010, the Father had filed his motion to modify child support, contending that he was entitled to a reduction in child support on the ground that his income and circumstances had substantially and materially changed. If he established a change that would justify lowering the amount he was to pay as child support, that change would be retroactive to the date he filed his motion. *Rohr v. Rohr*, 128 Idaho 137, 142-43, 911 P.2d 133, 138-39 (1996). With the dismissal of the motion, the Father would have to file a new motion, apparently once he had paid all back child support. Any reduction in child support resulting from the new motion would only be retroactive to the date it was filed.

Thus, the sanction imposed by the magistrate judge was a criminal sanction. Because Idaho Code section 7-610 does not permit as a criminal sanction either the refusal to hear a motion or the dismissal of a motion, the district court erred in upholding those actions of the magistrate.

In addition, we hold that both the refusal to hear a motion and the dismissal of a motion on the ground that a contemnor has not purged contempt violates Article I, § 18, of the Idaho Constitution. That section provides, "Courts of justice shall be open to every person, and a speedy remedy afforded for every injury of person, property or character, and right and justice shall be administered without sale, denial, delay, or prejudice." This provision of our Constitution "admonishes the courts to administer 'right and justice without sale, delay or prejudice.' " *Moon v. Bullock*, 65 Idaho 594, 603, 151 P.2d 765, 769 (1944). "[E]very individual in our society has a right of access to the courts." *Eismann v. Miller*, 101 Idaho 692, 697, 619 P.2d 1145, 1150 (1980). Although the exercise of that right "cannot be allowed to rise to the level of abuse, impeding the normal and essential functioning of the judicial process," *id*., being in contempt of court or failing to purge that contempt does not justify the denial of access to the court, nor does it justify the denial or delay of right and justice. Therefore, we overrule *Lusty v. Lusty*, 70 Idaho 382, 388, 219 P.2d 280, 284 (1950); *Hoagland v. Hoagland*, 67 Idaho 67, 69, 170 P.2d 609, 610 (1946); and *Brown v. Brown*, 66 Idaho 625, 628, 165 P.2d 886, 887 (1946), to the extent that they are inconsistent with this opinion.

## IV.
## Is the Mother Entitled to an Award of Attorney Fees on Appeal?

6

The Mother seeks an award of attorney fees on appeal pursuant to Idaho Code sections 7-610 and 12-121, and "Rules 75(m) and 54(e)." Idaho Code sections 7-610 and 12-121 both permit the discretionary award of attorney fees "to the prevailing party." Because the Mother is not the prevailing party on appeal, she cannot be awarded attorney fees under those sections.

Rules 75(m) and 54(e) are rules of civil procedure applicable "in the district courts and the magistrate's divisions of the district courts in the state of Idaho." Idaho R. Civ. P. 1(a). They do not apply on appeal. *Capps v. FIA Card Services, N.A.*, 149 Idaho 737, 744, 240 P.3d 583, 590 (2010).

The Father's attorney did not request an award of attorney fees on appeal because he represented the Father pro bono, for which he is to be commended.

## V.
## Conclusion.

We reverse the judgment of the district court, including the award of attorney fees, and remand this case with instructions to the district court to reverse the magistrate court's order dismissing the motions filed by the Father. We award the Father costs on appeal.

Chief Justice BURDICK, Justices J. JONES, W. JONES, and HORTON **CONCUR.**

7