# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 51461

| | |
|---|---|
| In the Matter of the Estates of:<br>Lowell Herman Frauenholz and<br>Carol Ann Frauenholz, Deceased.<br>-------------------------------------------------------<br>DIANE CAROL FRAUENHOLZ,<br>Personal Representative,<br><br>   Petitioner-Respondent,<br><br>v.<br><br>LISA YOUNG,<br>aka LISA FRAUENHOLZ,<br><br>   Respondent-Appellant. | Filed:  March 25, 2025<br><br>Melanie Gagnepain, Clerk |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Custer County.  Hon. Stevan H. Thompson, District Judge.  Hon. James Howard Barrett, Jr., Magistrate.

Decision of the district court, on intermediate appeal from the magistrate court, affirming judgment denying petition to determine heirs, construe will, and for distribution, <u>reversed</u> and <u>remanded with instructions</u>.

Idaho Legal Estates & Probate; Jesse R. Thomas, Boise, for appellant.  Jesse R. Thomas argued.

Wright Law Offices, PLLC; Steven J. Wright, Idaho Falls, for respondent.  Steven J. Wright argued.

---

TRIBE, Judge

Lisa Young appeals from the decision of the district court, on intermediate appeal from the magistrate court, affirming the judgment denying Young's petition to determine heirs, construe will, and for distribution.  We reverse and remand with instructions.

1

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

Young was born on March 19, 1959, to Lowell Herman Frauenholz (decedent) and Jean J. Schuster. The decedent and Schuster wed a year later. The decedent is listed as Young's father on her birth certificate. Subsequently, Schuster filed a petition for divorce on the grounds of desertion. The decedent did not contest the proceedings. In January 1964, the decedent and Schuster were granted a decree of divorce. The decedent paid child support until Young graduated from college.

The decedent went on to father two more children with Carol Ann Frauenholz. Carol passed away prior to the decedent executing his Last Will and Testament (Will). The decedent executed his Will on March 26, 2015. Pertinent to the instant matter, the Will states:

ARTICLE I

I am a single person. I hereby declare that at the date of the execution hereof, I have two children: My son, Douglas Lowell Frauenholz . . . and my daughter, Diane Carol Frauenholz . . . .

. . . .

ARTICLE VI

I give, devise and bequeath the following specific bequests to my two children, Douglas Lowell Frauenholz and Diane Carol Fr[a]uenholz, as follows:

. . . .

ARTICLE VII

After distribution of the specific bequests set forth above, I hereby direct that the remainder of my property, real, personal or mixed, and wheresoever situated and howsoever held, shall be sold and the proceeds thereof, after payment of any and all mortgages or indebtedness, all costs incidental to sale, and all expenses of mine, including, but not limited to, those set forth in Article III above, shall be distributed as follows:

A. To my good friend, Mary L. Erickson, one-third of the net proceeds after the sale of my real estate and home known as the Mackay Mansion, 217 West Spruce Street, Mackay, Idaho, to be paid to her at the rate of $10,000.00 per year. In the event Mary Erickson should die before these proceeds are exhausted, such funds shall be divided equally between my two children, share and share alike.

In April 2016, the decedent married Mary L. Erickson, consequently Mary L. Frauenholz. The two remained married until the decedent's passing on August 31, 2020.

In June 2021, the magistrate court informally appointed Mary as the personal representative of the decedent's estate (Estate) and informally admitted the Will. In April 2022, Diane Carol Frauenholz was appointed as successor personal representative of the Estate.

In June 2022, Young contested the Will and filed a petition to determine heirs, construe will, and for distribution. In the petition, Young requested: (1) to be recognized as the decedent's child; (2) the court to determine that the Will did not provide for a beneficiary of the residuary estate; (3) the court order the personal representative to provide Young with an inventory and accounting; (4) distribution of the residuary estate, via intestacy; and (5) the court order the return of any and all assets distributed and attributable to the residuary estate.

In September 2022, the magistrate court entered an order that determined Young was the decedent's child. On October 19, 2022, the magistrate court, relying only on the briefs from Young and the Estate, entered its order denying the petition on the remaining four issues. The order lacked factual findings, and the magistrate court adopted the Estate's legal reasoning expressed in opposition to the petition. Young filed a motion to certify the order as a partial judgment. The magistrate court granted the order.[1] Young timely appealed the certified order to the district court. The district court affirmed the magistrate court's decision. Young again appeals.

---

[1] The Estate objected to the intermediate appeal alleging that the partial judgment did not meet the requirements of a final appealable judgment. The district court failed to address the objection. This Court notes that Idaho Rule of Civil Procedure 83(a)(2)(F) provides that an appeal can be taken from a magistrate court to a district court following "any order, judgment or decree by a magistrate judge in a special proceeding for which an appeal is provided by statute." Idaho Code § 17-201, in turn, lists the appealable judgments and orders from a probate proceeding. These appealable orders include, in relevant part, an order "[r]efusing, allowing or directing the distribution . . . of an estate, or any part thereof, or the payment of a . . . distributive share." I.C. § 17-201(7). "Decisions by courts in these areas are subject to review regardless of whether they are final judgments." *In re Est. of McKee*, 153 Idaho 432, 437, 283 P.3d 749, 754 (2012) (citing *In re Est. of Keeven*, 110 Idaho 452, 455, 716 P.2d 1224, 1227 (1986)). Therefore, for the purpose of appellate jurisdiction, the magistrate court's order in this case is an appealable order.

## II.

## STANDARD OF REVIEW

For an appeal from the district court, sitting in its appellate capacity over a case from the magistrate court, we review the record to determine whether there is substantial and competent evidence to support the magistrate court's findings of fact and whether the magistrate court's conclusions of law follow from those findings. *Pelayo v. Pelayo*, 154 Idaho 855, 858-59, 303 P.3d 214, 217-18 (2013). However, as a matter of appellate procedure, our disposition of the appeal will affirm or reverse the decision of the district court. *Id.* Thus, we review the magistrate court's findings and conclusions, whether the district court affirmed or reversed the magistrate court and the basis therefor, and either affirm or reverse the district court.

## III.

## ANALYSIS

Young argues that the district court erred, as a matter of law, in upholding the magistrate court's decision denying her petition. Specifically, Young contends that, as the decedent's child, she was entitled to a share of the residuary estate because she was not expressly disinherited from the Will. In response, the Estate argues that the decedent did not intend for Young to inherit any part of the estate including the residuary. The Estate also argues that, even if Young was entitled to a share in distribution of the net estate, she was required by Idaho Code § 15-2-611 to prove the decedent openly and notoriously treated her as his own child. Young counters that the statute does not apply in the instant case.[2]

---

[2]    As an initial matter, we address the absence of the transcript outlining the rationale of the magistrate court's initial decision from the record. The Idaho Supreme Court decided that appellate courts may disregard the absence of findings of fact and conclusions of law "*only* where the record is clear, and yields an obvious answer to the relevant question." *Pope v. Intermountain Gas Co.*, 103 Idaho 217, 225, 646 P.2d 988, 996 (1982) (emphasis added). Here, the issue brought before this Court involves the interpretation of a Will, and Young included the Will in the record. The magistrate court adopted the Estate's rationale as the basis for its decision; and the Estate's briefing, to the magistrate court, is available for review. In reviewing the record before us, we conclude that it is clear and yields an obvious answer to the relevant question.

4

### A. Pretermitted Child

The Estate points to I.C. § 15-2-302 (pretermitted children statute) as relevant to the circumstances in the instant matter. The statute states, in relevant part: "If a testator fails to provide in his will for any of his *children born* or adopted *after the execution of his will*, the omitted child receives a share in the estate equal in value to that which he would have received if the testator had died intestate." I.C. § 15-2-302(a) (emphasis added). The Estate acknowledges that Young was born before the execution of the Will but argues that the lack of similar statutory protection for children born before the execution of a will supports the Estate's position that a child born prior to the execution of a will but omitted from it should not participate in the residuary estate. The statute, by its terms, does not apply to this case, and does not imply a presumption that children born before execution of a will are excluded.[3]

### B. Inheritance of the Residual Estate

Young argues that, regardless of the decedent's intent, she is still entitled to the distribution of the residuary estate according to the Idaho laws of intestacy. Specifically, Young asserts she is entitled to a share of the property not disposed of in the Will, i.e., the residuary estate. The Estate argues that the intent of the testator extends to the residuary estate. Therefore, in the Estate's view, Young is not entitled to any part of the residuary estate because the decedent intended to omit her from the Will. The issue on appeal is whether the decedent's intent to exclude Young from taking under the Will applies to the disposition of his intestate property. This is a matter of first impression. Adam J. Hirsch, *Incomplete Wills*, 111 MICH. L. REV. 1423, 1436 n.61 (2013) (noting that Idaho is one of the five states that have not addressed whether disinheriting an heir from the will affects state laws of intestacy in a published case).

This question is one of statutory construction, governed by the presumption that the legislature intended the words of the statute to be given their ordinary meanings. *Verska v. St. Alphonsus Reg'l Med. Ctr.*, 151 Idaho 889, 893, 265 P.3d 502, 506 (2011). "Any part of the estate

---

[3]    It appears that Young never asserted below that she was entitled to any of the assets specifically named in the Will. Consequently, this Court need not decide whether the district court erred in affirming its interpretation of the magistrate court's holding that the decedent intentionally omitted Young, thereby excluding her from taking under the Will.

of a decedent not effectively disposed of by his will passes to his heirs as prescribed in the following sections of this code." I.C. § 15-2-101. The statute thus requires the law of intestate succession to apply if any part of the residuary estate is "not effectively disposed of by [the] will." To "dispose of" property ordinarily means "to transfer to the control or ownership of another." "Dispose of," MERRIAM-WEBSTER, https://www.merriam-webster.com/legal/dispose%20of (last visited Mar. 24, 2025). Thus, under that definition, a part of the decedent's estate is not effectively "disposed of" if it is not actually given to someone else.

We agree with jurisdictions across the country that have decided that heirs at law are entitled to the residual estate, even when unambiguous disinheritance clauses excluded heirs from the will. *See McClain v. Hardy*, 56 P.3d 501, 504 (Or. Ct. App. 2002) (holding that, if the will does not effectively dispose of the net estate, the net estate must pass in accordance with the law of intestate succession); *Cook v. Est. of Seeman*, 858 S.W.2d 114, 115 (Ark. 1993) (adopting "well settled" rule "that although the testator's intent to disinherit is clearly and unambiguously expressed in the will, such exclusionary language will not be given effect as against the distribution of intestate property"); *In re Est. of Hunt*, 842 P.2d 872 (Utah 1992) (holding that, absent an express bequest to the heirs, the estate passed to his heirs under the intestacy); *In re Est. of Baxter*, 827 P.2d 184, 186 (Okla. Civ. App. 1992) (stating "the general rule is that the fact that a person is disinherited by a will does not prevent his sharing, as a[n] heir at law, in property the testamentary disposition of which has failed by lapse"); *In re Est. of Cancik*, 476 N.E.2d 738, 741 (Ill. 1985) (stating that, "when a testator provides that certain indicated heirs are not to take from his estate and the will disposes of less than all of the estate, the provision excluding the heirs is without effect as to the property which is not disposed of by the will"). We adopt the holding of these courts. An heir, disinherited by a will, is not prevented from sharing in a residual estate under the laws of intestacy. Such heir is only disinherited from property disposed of by the will, unless the testator expressly disinherits the heir from property passing by intestate succession as well.

Here, looking at Article VII of the Will, it leaves "one-third of the net proceeds after the sale of . . . Mackay Mansion" to Mary. The remaining two-thirds of the net proceeds of the "Mackay Mansion" are not left to anyone and thus, become part of the residuary estate. Young and the Estate agree that, by not disposing of the entire estate in the Will, the residuary estate was created. In cases like this, I.C. § 15-2-101 provides that the residuary estate must pass in

accordance with the law of intestate succession. The magistrate court determined that Young is the decedent's child. As such, she is entitled to a portion of the residuary estate according to the Idaho rules of intestate succession. We conclude that the district court erred in affirming the magistrate court's decision to deny Young's petition to construe the Will regarding the residuary portion of the estate. Young is entitled to a share of the residuary estate.

## C.     Idaho Code § 15-2-611

The Estate argues that, even if Young is entitled to a share of the residuary estate, I.C. § 15-2-611 prevents her participation in the intestate succession. The Estate asserts that, because Young is a nonmarital child, she must prove that the decedent treated her openly and notoriously as his own child according to I.C. § 15-2-611. Young responds that the Estate is reading this section of the Idaho Uniform Probate Code in isolation and misconstrues its purpose to mean imposition of additional restrictions for an heir to take under the laws of intestacy.

Idaho Code § 15-2-611 is entitled "CONSTRUCTION OF GENERIC TERMS TO ACCORD WITH RELATIONSHIPS AS DEFINED FOR INTESTATE SUCCESSION" and provides:

> Half bloods, adopted persons and persons born out of wedlock are included in class gift terminology and terms of relationship in accordance with rules for determining relationships for purposes of intestate succession, but a person born out of wedlock is not treated as the child of the father unless the person is openly and notoriously so treated by the father.

The Estate notes that it is undisputed that Young was born out of wedlock and argues that, according to the statute, even if she would otherwise be entitled to an intestate share of the residuary estate, she is not entitled to a share unless she can establish that she was openly and notoriously treated by the testator as his child.

As indicated in the official comments, I.C. § 15-2-611 applies to "class gifts." I.C. § 15-2-611, Uniform Law Comments ("The purpose of this section is to facilitate a modern construction of gifts, usually class gifts, in wills.").[4]  A class gift is a "gift to a group of persons,

---

[4]     In essence, I.C. § 15-2-611 includes children born out of wedlock in inheriting class gifts in accordance with the rules for intestate succession. However, the statute adds a requirement--an out of wedlock child must show that a father treated him or her openly and notoriously to ascertain the father's relationship with that child for the purpose of inheriting a class gift.

uncertain in number at the time of the gift but to be ascertained at a future time, who are all to take in definite proportions, the share of each being dependent on the ultimate number in the group." *Class Gift*, BLACK'S LAW DICTIONARY (12th ed. 2024). An example of a class gift would be a provision in a will leaving property to my "grandchildren." A gift to persons who are named in the language of the will is just a gift to them as individuals, even when these individuals are also related to the decedent by a general term relationship. Here, the children who are to inherit under the Will are specifically named and were determined at the time the testator created the Will. Because the Will contains no class gift, we hold that I.C. § 15-2-611 does not apply to the Will in the instant matter.

Recognizing this limitation in application of the statute, the Estate argues that the statute applies to "class gift terminology and terms of relationship in accordance with rules for determining relationships for purposes of intestate succession." *See* I.C. § 15-2-611. The Estate concludes only, therefore, that the statute also applies to terms for determining if a parent/child relationship exists "for purposes of intestate succession." The Estate presents no argument as to how the phrase is applicable to this case. A party waives an issue on appeal if either argument or authority is lacking. *Powell v. Sellers*, 130 Idaho 122, 128, 937 P.2d 434, 440 (Ct. App. 1997). Nonetheless, there is no issue here of determining if a parent/child relationship exists between the testator and Young.

For the foregoing reasons, we reverse the district court's decision affirming the magistrate court's order denying Young's petition. We remand the case to the magistrate court with instructions to enter an order granting the petition to construe the will and distribute the residuary estate to Young and other eligible heirs, via intestate laws, in accordance with the Idaho Uniform Probate Code.

## D.     Attorney Fees and Costs on Appeal

The Estate urges this Court to award attorney fees on appeal pursuant to I.C. § 12-121 and Idaho Appellate Rule 41. Young did not request attorney fees.

An award of attorney fees may be granted under I.C. § 12-121 and I.A.R. 41 to the prevailing party. The Estate is not the prevailing party and is therefore not entitled to an award of attorney fees. As the prevailing party, Young is entitled to costs on appeal under I.A.R. 40(a) but not entitled to attorney fees as Young failed to raise this issue on appeal pursuant to I.A.R. 41(a).

8

# IV.
## CONCLUSION

The district court erred in affirming the magistrate court's order denying Young's petition to determine heirs, construe will, and for distribution. Accordingly, the decision of the district court, on intermediate appeal from the magistrate court's order denying Young's petition, is reversed. We remand the case to the magistrate court with instructions to enter an order granting the petition to construe the will and distribute the residuary estate to Young and other eligible heirs, via intestate laws, in accordance with the Idaho Uniform Probate Code. Young is awarded costs on appeal.

Chief Judge GRATTON and Judge HUSKEY, **CONCUR**.